FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 24, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Respondent,<br><br>   v.<br><br>ALENA VYACHESLAVOVNA PRACH,<br><br>        Defendant-Petitioner. | NO: 2:23-CR-0004-TOR-2<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255.  ECF No. 162.  The Court has reviewed the record and files herein and is fully informed.  Because the files and records of the case conclusively show that Defendant is entitled to no relief, the Government was not ordered to respond.  *See* 28 U.S.C. § 2255(b).  For the reasons discussed below, the Court **denies** the motion to vacate.

## BACKGROUND

On October 25, 2023, Alena Vyacheslavovna Prach appeared before the

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

Court and entered a plea of guilty to Count 1 of the Indictment filed on January 4, 2023, charging her with Possession with Intent to Distribute 50 Grams of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), 18 U.S.C. § 2.

On May 1, 2024, Defendant was sentenced to 40-months in prison followed by 5-years of supervised release. ECF No. 147.

In her Plea Agreement, Ms. Prach waived both her right to appeal and to collaterally attack her conviction and sentence. ECF No. 104 at 13, ¶ 17. That provision provides:

> Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and sentence imposed by the Court. Defendant hereby expressly waives all of Defendant's rights to appeal Defendant's conviction and the sentence the Court imposes. Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court. Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the time the Court imposes sentence.

*Id*. No direct appeal was filed.

On May 13, 2025, Defendant filed the instant motion to vacate. ECF No. 162.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 2

## DISCUSSION

**A. Motion to Vacate, Set Aside or Correct Sentence**

The Court first considers Defendant's motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4 provides that the Court "must promptly examine [the motion]. If it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."

A defendant in criminal proceedings has a constitutional right to effective assistance of counsel. U.S. Const. amend. VI. A convicted defendant asserting violation of his constitutional right to effective assistance of counsel must demonstrate the following: (1) "that counsel's representation fell below an objective standard of reasonableness ," and (2) "that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 375 (1986) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). To satisfy this standard, a defendant must show that counsel's representation was "outside the wide range of professionally competent assistance" and that there is a "probability sufficient to undermine confidence in the outcome." *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 at 689.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

1  Defendant moves the Court to set aside or correct her conviction based on
2  claims of ineffective assistance of counsel.
3  Here, Ms. Prach is plainly not entitled to relief.
4  Defendant bases her motion on a claim of ineffective assistance of counsel,
5  but her motion provides no evidence or argument concerning ineffective assistance
6  of counsel.
7  Accordingly, her motion is denied.
8  **B. Certificate of Appealability**
9  A petitioner seeking post-conviction relief may appeal a district court's
10 dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only
11 after obtaining a certificate of appealability ("COA") from a district or circuit
12 judge.  28 U.S.C. § 2253(c)(1)(B).  A COA may issue only where the applicant has
13 made "a substantial showing of the denial of a constitutional right."  *See id.*
14 § 2253(c)(2).  To satisfy this standard, the applicant must "show that reasonable
15 jurists could debate whether (or, for that matter, agree that) the petition should
16 have been resolved in a different manner or that the issues presented were adequate
17 to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S.
18 322, 336 (2003) (internal quotation marks and citation omitted).
19 //
20 //

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 4

The Court concludes that Defendant is not entitled to a COA because she has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issue presented deserve encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 162) is **DENIED**.

2. The Court further certifies that there is no basis upon which to issue a certificate of appealability and the same is **DENIED**.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The District Court Executive is hereby directed to enter this Order and furnish copies to the parties.  This file and the corresponding civil file (2:25-CV-0156-TOR) shall be **CLOSED**.

**DATED** June 24, 2025.

THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 5